JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARIE SULLY A/K/A MARIE EVENE SULLY, *individually and on behalf of all others similarly situated*

**(b)** County of Residence of First Listed Plaintiff  **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste. 900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS
RECEIVABLE PERFORMANCE MANAGEMENT, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §1692k et seq.
Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 12/13/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18   5390

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2680 Middle Way, Easton, PA 18040

Address of Defendant: PO Box 1548, Lynnwood WA 98046

Place of Accident, Incident or Transaction: 2680 Middle Way, Easton, PA 18040

---

**RELATED CASE, IF ANY:**

Case Number: n/a     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/13/2018     *Attorney-at-Law / Pro Se Plaintiff*     61907
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify)* FDCPA

**B.  Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ROBERT COCCO, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[✓] Relief other than monetary damages is sought.

DEC 13 2018

DATE: 12/13/2018     *Attorney-at-Law / Pro Se Plaintiff*     61907
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

MARIE SULLY A/K/A MARIE EVENE SULLY, *individually and* : CIVIL ACTION
*on behalf of all others similarly situated    similarly situated* :
v. :
: NO.    **18    5390**
RECEIVABLE PERFORMANCE MANAGEMENT, LLC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.    ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( X )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.    ( )

12/13/18
(Date)

_____
Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

DEC 13 2018



$400

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18    5390**

MARIE SULLY A/K/A MARIE EVENE SULLY, on behalf of herself and all others similarly situated,

        Plaintiff(s),

-against-

RECEIVABLE PERFORMANCE MANAGEMENT, LLC and JOHN DOES 1-25,

        Defendant(s).

Civil Case Number: _____

**CIVIL ACTION**

**COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL**

FILED
DEC 13 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, RECEIVABLE PERFORMANCE MANAGEMENT, LLC ("RPM") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

Page 1 of 13

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Northampton County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. RPM maintains a location at 20816 44th Avenue W, Lynwood, Washington 98036.

7. RPM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8. RPM uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. RPM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from RPM, concerning a debt owed to VERIZON, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to December 14, 2017, Plaintiff allegedly incurred a financial obligation to VERIZON ("VERIZON").

19. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the VERIZON obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The VERIZON obligation did not arise out of a transaction that was for non-personal use.

22. The VERIZON obligation did not arise out of a transaction that was for business use.

23.	The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.	VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.	On or before December 13, 2017, the VERIZON obligation was referred to RPM for the purpose of collection.

26.	At the time the VERIZON obligation was referred to RPM the VERIZON obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

27.	RPM caused to be delivered to Plaintiff a letter dated December 14, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.	The December 14, 2017 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

29.	The December 14, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.	Upon receipt, Plaintiff read the December 14, 2017 letter.

31.	The December 14, 2017 letter provided the following information regarding the balance claimed due on the VERIZON obligation:

    Amount:     $1178.08
    Total Due:  $1178.08

32.	The December 14, 2017 letter stated:

> **We are not obligated to renew this offer.**
> (emphasis added)

33.	The only real offer presented to Plaintiff in the December 14, 2017 letter was a single payment option for the full balance:



34. RPM would have accepted a one-time payment for the full balance at any time that it was still collecting on the VERIZON obligation.

35. RPM would have renewed the offer to accept a one-time payment for the full balance at any time that it was still collecting on the VERIZON obligation.

36. RPM knew or should have known that its actions violated the FDCPA.

37. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character, amount or legal status of the debt; and

   (c) Using a false representation or deceptive means in connection with the collection of a debt.

39. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of Pennsylvania within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

40. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

43. The Defendant's letter would mislead the least sophisticated consumer to believe that the offer was time-sensitive.

44. The Defendant's letter would mislead the least sophisticated consumer to believe that the offer might not be renewed.

45. Defendants' attempt to collect the alleged debts violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); and § 1692e(10).

46. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiffs and others similarly situated.

47. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the "Single Payment Option" for the full balance would or could expire.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the "Single Payment Option" for the full balance may not be renewed.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the "Single Payment Option" for the full balance would or could expire.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the "Single Payment Option" for the full balance may not be renewed.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by misleading Plaintiff and others similarly situated into believing that the "Single Payment Option" for the full balance could expire.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by misleading Plaintiff and others similarly situated into believing that the "Single Payment Option" for the full balance may not be renewed.

54. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

55. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the debt as being time-sensitive.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt as being time-sensitive.

58. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59. Defendants violated 15 U.S.C. § 1692e(10) by presenting payment of the debt as being time-sensitive.

60. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

61. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

63. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

64. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

65. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

Dated: December 13, 2018

/s/ Robert P. Cocco
Robert P. Cocco, Esq. (61907)
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A

**RPM**
*Receivables Performance Management LLC*
20816 44th Ave W
Lynnwood, WA 98036

💻 You can now pay online at: www.rpmpayments.com

| Account Information | |
|---|---|
| Date: | 12-14-17 |
| Reference Number: | |
| Creditor: | Verizon |
| Creditor Account: | |
| Original Creditor: | Verizon |
| Amount: | $1178.08 |
| Interest Due: | $0.00 |
| **Total Due:** | **$1178.08** |

Dear Customer:

Your account has been listed with Receivables Performance Management. If you have any questions or need assistance, please call TOLL FREE 844.761.4042. We are not obligated to renew this offer.

In the event that your payment is by check, we may present your check electronically. In the ordinary course of business, your check will not be provided to you with your bank statement, but a copy can be retrieved by other means.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you so request in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This communication is from a debt collector. The purpose of this notice is to collect a debt. Any information obtained will be used for that purpose.

You may qualify for a settlement, please call 844.761.4042.



**PAYMENT OPTIONS**

**(1) Single Payment Option:**

➢ Pay $1178.08.

➢ Your account will be considered "Paid in Full" after we post your payment.

**(2) Financial Hardship Plan:**

➢ Contact one of our Professional Representatives to qualify for our various payment options.

---

**RECEIVABLES PERFORMANCE MANAGEMENT LLC CONTACT INFORMATION**

 Call Toll-Free 844.761.4042 to discuss payment arrangements.

 Pay by mail to: Receivables Performance

 You can now pay online at: www.rpmpayments.com

 Office Hours: Mon - Fri 7:30 AM to 5:00 PM Pacific time, Sat 7:00

Let us prove how committed we | Management LLC | AM to 12:00 PM Pacific time.
are to working with you! | PO Box 1548
 | Lynnwood, WA 98046-1548

HSO/355482083886   *Please tear off and return lower portion with payment in envelope provided.*   619/000619/0003

Undeliverable Mail Only:
PO Box 2630
Southgate, MI 48195-4630

IF PAYING BY CREDIT CARD, FILL OUT BELOW

ZIP CODE

VISA ☐   MasterCard ☐   DISCOVER ☐

CC#

SIGNATURE                                     EXP DATE

Name as it appears on card.          REFERENCE NUMBER

12-14-17

CREDITOR          AMOUNT
Verizon           PAID  $

Sully, Marie-Evene
2680 Middle Way
Easton, PA 18040-8733

Receivables Performance Management LLC
PO Box 1548
Lynnwood, WA 98046-1548